UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEAN MARKLEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MAY HIMMER, PLLC, et al.,<br><br>　　　　Defendants. | Case No. 20-CV-08425-LHK<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS**<br><br>Re: Dkt. No. 7 |

On October 7, 2020, Plaintiffs filed their complaint in County of Santa Clara Superior Court, and on November 30, 2020, Defendants removed the instant case to this Court. ECF No. 1. On December 7, 2020, Defendants filed the instant motion to dismiss for lack of personal jurisdiction and forum non conveniens. ECF No. 7 ("Mot."). Plaintiffs' response to the instant motion was due on December 21, 2020. Yet as of today, March 26, 2021, Plaintiffs—who are represented by counsel—have failed to file a response to the instant motion.[1]

Furthermore, Plaintiffs failed to join Defendants in filing a joint case management

---

[1] This case was reassigned to the undersigned judge on January 4, 2021. ECF No. 12. Given that reassignment, Defendants re-noticed their motion's hearing date for April 29, 2021. ECF No. 13.

1

Case No. 20-CV-08425-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS

statement ("JCMS") 7 days in advance of the case management conference set for March 31, 2021 at 2 p.m. *See* Civ. L.R. 16-10(d). In fact, Plaintiffs' counsel not only failed to respond to outreach from Defendants' counsel about filing a JCMS, but also ignored this Court's March 25, 2021 Order to File JCMS. ECF No. 16 (describing outreach from Defendants' counsel); ECF No. 15 (Order to File JCMS).

Given Plaintiffs' repeated failure to prosecute this case and the merits of the instant unopposed motion, the Court GRANTS the instant unopposed motion. ECF No. 7. The Court holds that it lacks personal jurisdiction and that Arizona is proper forum for this lawsuit. The bases for these holdings are set forth in Defendants' unopposed motion and declarations. *Id.* Specifically, Defendants' motion has merit on at least three grounds.

First, all three Defendants are Arizona residents that lack continuous and systematic contacts with California. Defendant May Himmer CPAs, PLLC ("May Himmer") is an Arizona professional limited liability company with its principal place of business in Tucson, Arizona. Mot. at 3. Defendants E. Joe May and Lynne A. Himmer are Arizona citizens domiciled in Arizona. *Id.* None of the Defendants own any property in California; receive mail there; or have a phone number or bank account there. *Id.* Moreover, May Himmer does not market its services in California. *Id.*

Second, none of the Defendants have entered into any agreement with Plaintiffs that contains a California forum selection clause. Mot. at 3–4. Thus, Plaintiffs lack a contractual basis to be in California court.

Lastly, the services work at issue in the instant case was performed in Arizona. That is, Defendants performed limited services for only one Plaintiff, Dean Markley U.S.A. ("DMUSA"). Defendants did their work for DMUSA in Tucson, Arizona, and DMUSA had represented to Defendants that DMUSA's principal place of business was in Arizona. *Id.* at 4–5.

All these facts show that the Court lacks either general or specific personal jurisdiction over Defendants. *See* Mot. at 6–14 (collecting cases). These facts further show that forum non

conveniens dismissal is warranted because the District of Arizona is the appropriate forum for this action. Accordingly, the Court GRANTS Defendants' motion for lack of personal jurisdiction and forum non conveniens. The Court dismisses Plaintiffs' complaint without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 26, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 20-CV-08425-LHK
ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS